THE STATE, THE LONG DOCK COMPANY, PROSECUTORS, v. JOHN B. HAIGHT, RECEIVER OF TAXES OF JERSEY CITY.

1. The act entitled "An act relating to taxes to be paid by the Erie Railway Company for certain property owned, leased, used, or occupied by it in this state," (*Laws of* 1870, *p.* 1168,) relates to the property of the Long Dock Company, used or occupied by the said railway company, and therefore embraces but one object, which is sufficiently expressed in its title.

2. The act is to have effect, though it does not in terms refer to the act "relative to taxes in certain counties of this state." (*Laws of* 1869, *p.* 1225.)

On *certiorari.* In matter of taxation.

Argued at June Term, 1872, before Justices DALRIMPLE, DEPUE and VAN SYCKEL.

For the prosecutors, *L. Zabriskie.*

For the defendant, *J. Dixon, Jr.*

The opinion of the court was delivered by

DALRIMPLE, J.   The object of the act of 1870 (*Laws of 1870, p.* 1168,) was to exempt from taxation all property east of the westerly side of Bergen Hill, owned, used, or occupied by the Erie Railway Company, or leased by it of the Long Dock Company, except a tax of one-half of one per cent. upon the cost of the real estate owned, used, occupied, or leased by the Erie Railway Company, situate as above mentioned.

The act exempts only the property of the Long Dock Company, leased, used, or occupied by the Erie Railway Company.   It therefore embraces but one object, which is expressed in its title, which is "An act relating to taxes to be paid by the Erie Railway Company for *certain property* owned, leased, used, or occupied by it in this state."

There are no words in the act expressly referring to, and repealing by name, the act of 1869, (*Laws of* 1869, *p.* 1225,) yet it declares, in section four, that all acts and parts of acts, either general or special, public or private, inconsistent with that act (of 1870) be repealed, and that no municipal power or arrangement whatever, shall be set up to defeat its true intent and meaning, without now deciding how far it is in the power of the legislature to bind subsequent legislatures as to what shall be the form of a repealing statute, I hold, considering the object of the act of 1869, as well as that of 1870, and the broad terms of the repealing section of the latter act, that the act of 1870 is to have effect, though it does not refer in terms to the act of 1869.

It would seem that the exemption in the act of 1870 is absolute, and protects the company from taxation, except in the mode provided, whether the map and plan mentioned in the act have been filed in the secretary of state's office or not.   However this may be, we think it sufficiently appears that such plan and map have been filed.

As we understand it to have been admitted on the argument, that certain property on the west of the westerly side of Bergen Hill, not coming within the exemption, is embraced in the assessment brought up, the tax, to that extent, is legal, and must be affirmed, and reversed as to the remainder. If the parties cannot agree as to the amount the company is liable to pay, under this decision, it may be referred to a commissioner to ascertain and report the fact to the court.